

$400

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GEORGE GUY, III** <br> 3015 Green Ridge Drive <br> Norristown, PA 19403 <br>                       Plaintiff <br><br> v. <br><br> **SUNOCO, INCORPORATED**, d/b/a <br> Philadelphia Energy Solutions, a <br> corporation, having principal offices <br> located at <br> 1801 Market Street <br> Philadelphia, PA 19103 <br><br> and <br><br> **JAMES "JIM" DEMES**, individually <br> and in his professional, supervisory <br> capacity as a Maintenance Manager <br> for Defendant Sunoco, Incorporated, <br> having a principal office located at <br> 1801 Market Street <br> Philadelphia, PA 19103 <br>                       Defendants | CIVIL ACTION NO: 13-7308 <br><br> FILED <br> DEC 13 2013 <br> MICHAEL E. KUNZ, Clerk <br> By_____ Dep. Clerk |

Plaintiff George Guy, III, claims of Defendants, individually and/or jointly, damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00) upon causes of action whereof the following is a statement:

## COMPLAINT

## JURISDICTION, VENUE AND PARTIES

1.    Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 USC § 2000e, as amended by § 1981a (hereinafter "Title VII"), 42 USC § 1981 and 42 USC § 1988. Jurisdiction is invoked pursuant to 28 USC § 1331 and § 1343. The

1

Court's pendent jurisdiction is invoked pursuant to 28 USC § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 USC § 1391(b) inasmuch as Plaintiff's causes of action arose in the Eastern District of Pennsylvania, and all the Defendants are found in the Eastern District of Pennsylvania.

3. Plaintiff George Guy, III (hereinafter "Guy") is a black, adult male individual and a citizen of the Commonwealth of Pennsylvania residing at 3015 Green Ridge Drive, Norristown, PA 19403.

4. Defendant Sunoco, Incorporated, d/b/a Philadelphia Energy Solutions (hereinafter "Sunoco"), is a multinational oil company and is a corporation authorized to do business in the Commonwealth of Pennsylvania, having principal offices located at 1801 Market Street, Philadelphia, PA 19103. Defendant Sunoco, Incorporated also does business as Philadelphia Energy Solutions.

5. Defendant James "Jim" Demes (hereinafter "Demes") is an adult, white male who at all times relevant hereto worked in a supervisory capacity for Defendant Sunoco as a Maintenance Manager. Defendant Demes had a principal office located at 1801 Market Street, Philadelphia, PA 19103. Defendant Demes is being sued as an individual and also in his professional, supervisory capacity as a Maintenance Manager.

6. At all times material hereto, Defendant Sunoco acted or failed to act through its authorized supervisors, managers, employees, workmen, agents and servants, including, but not limited to, Maintenance Manager Demes and others whose identities will be disclosed during the course of discovery. Defendant Sunoco is

2

strictly liable for the acts and failures to act of its supervisory employee, agent, workman and/or representative Defendant Demes.

7. At all times material hereto, Defendant Demes was acting in the course and scope of his supervisory agency and/or employment with and on behalf of and/or under the management, control and/or direction of Defendant Sunoco, Incorporated.

8. At all times material hereto, the individual Defendants were acting intentionally, maliciously and in reckless disregard of the Plaintiff's right to be free from race discrimination and retaliation.

## ADMINISTRATIVE PROCEDURES

1. Plaintiff filed charges of race discrimination and retaliation against the Defendants with the District Office of the Equal Employment Opportunity Commission, Charge No. 17F-2011-61612.

2. Plaintiff also received a Notice of Right to Sue Within 90 Days from the U.S. Department of Justice dated September 29, 2013. A copy of the "Notice of Right to Sue" is attached and marked as Exhibit A.

## BACKGROUND ALLEGATIONS

3. Plaintiff began working for Defendant Sunoco on or about December 16, 1975.

4. At all times relevant hereto, Plaintiff Guy worked for Defendant Sunoco as a Project Manager and, at all times relevant hereto, his work record and performance were excellent.

5. Because of his excellent work record and performance, in or about 2008, Plaintiff applied for a promotion to a position for which he was able and qualified but was

3

denied the promotion.

6. The Plaintiff believed that he was denied the promotion because of his race, which is black.

7. Thereafter, the Plaintiff filed a complaint with Defendant Sunoco's Internal Compliance Department, noting that he and at least five (5) other employees had been subjected to unfavorable treatment and denied promotions because of their race, and complaining that Defendant Demes had advanced pretextual reasons for why the Plaintiff could not be promoted.

8. As a result of his Complaint to the Internal Compliance Department, however, the Plaintiff was promoted retroactively one grade, given a new title, and reimbursed monies that might have been paid had he been promoted earlier.

9. At all times relevant hereto, except where noted, Bob Sacks was the Plaintiff's immediate supervisor and the person responsible for writing his performance evaluations. Defendant Demes was Mr. Sacks immediate supervisor.

10. In or about December, 2010, Defendant Demes demoted the Plaintiff from Project Manager to Contract Administrator.

11. The Plaintiff believes and therefore avers that Defendant Demes demoted the Plaintiff in retaliation for having earlier filed the Complaint with the Internal Compliance Department and because the Plaintiff was black.

12. In or about February 1, 2011, the Plaintiff filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), Complaint Number 201003723, alleging that he had been demoted because of his race.

13. At all times thereafter, Defendant Demes was fully aware that the Plaintiff had

filed the Complaint.

14. In or about March, 2011, Plaintiff Guy was given a performance evaluation.

15. Ordinarily, the task of writing performance evaluations was that of an employee's immediate supervisor, in the Plaintiff's case, Bob Sacks.

16. Although Bob Sacks had indicated that he would, at some point, no longer be the Plaintiff's supervisor, Mr. Sacks was available and able through February, 2011 to write the Plaintiff's performance evaluation.

17. Although Mr. Sacks was able and available to write the Plaintiff's performance evaluation as late as February, 2011, Defendant Demes took over Mr. Sacks' duty and wrote the Plaintiff's March, 2011 work performance evaluation.

18. The performance evaluation Defendant Demes wrote was extremely negative and did not reflect the actual level of the Plaintiff's work performance, which was excellent.

19. The Plaintiff believes, and therefore avers, that Defendant Demes gave the Plaintiff an extremely negative work performance evaluation, partly because the Plaintiff was black, but primarily in retaliation for the Plaintiff's having filed a Complaint with the PHRC in January, 2011.

20. As a direct and proximate result of this negative job performance evaluation, Plaintiff Guy was denied a pay raise, suffered a loss of job opportunity and income, a loss of professional job status, embarrassment and humiliation.

### FEDERAL CLAIMS

### Count I: Plaintiff v. Defendant Sunoco
### (Violation of 42 USC § 2000e-3)

20. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

21. The acts and failures to act of Defendant Sunoco, by and through its supervisory agents, workmen, agents and employees, including Defendant Demes, constituted an unlawful employment practice in that they discriminated against the Plaintiff because he opposed and complained about practices made unlawful under 42 USC § 2000e-1 et seq.

22. Defendant Sunoco is strictly liable for the acts and failures to act of its supervisory personnel, including Defendant Demes.

23. The acts and failures to act of Defendant Sunoco constituted an unlawful employment proscribed by 42 USC § 2000e-3.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for any and all attorneys fees as allowed by 42 USC § 1988.

### Count II: Plaintiff v. Defendants Sunoco and Demes, Individually and Jointly (Violation of 42 USC § 1981)

24. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

25. 42 USC § 1981 provides that "All persons within the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes,

licenses, and exactions of every kind, and to no other."

26. The acts and failures to act of Defendants Demes, and therefore Defendant Sunoco, individually and jointly, retaliated against the Plaintiff because of his race, which is black, and caused him to be deprived of his right to make and enforce his employment contract, and of the full and equal benefit of all laws as is enjoyed by white citizens as guaranteed him under 42 USC § 1981.

27. The acts and failures to act of Defendant Demes were proscribed by 42 USC § 1981.

28. The supervisory acts and failures to act of Defendant Demes were the direct acts and failures to act of Defendant Sunoco for which it is strictly and directly liable.

29. The acts and failures to act of Defendants Demes and therefore Defendant Sunoco, individually and jointly, were proscribed by 42 USC § 1981.

**WHEREFORE**, the Plaintiff demands judgment against the Defendants, individually and jointly, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00), and for all attorney's fees as allowed by 42 USC § 1988.

## STATE LAW CLAIM

### COUNT III: Plaintiff v. Defendants Sunoco and Demes, Individually and Jointly (Violation of 43 Pa. C.S. § 955(d))

30. The allegations contained in all preceding paragraphs are incorporated here as if set forth fully and here reiterated in their entirety.

31. 43 Pa. C.S. § 955(d) proscribes any person or employer from discriminating in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge,

7

testified or assisted, in any manner, in any investigation, proceeding or hearing under this act.

32. Defendant Demes' supervisory acts and failures to act were the direct acts and failures to act of Defendant Sunoco, for which it is strictly and directly liable.

33. The Defendants, individually and jointly, intentionally and willfully discriminated and retaliated against the Plaintiff because he opposed discriminatory practices forbidden by 43 Pa. C.S. § 955 and made a charge against the Defendants with the Pennsylvania Human Relations Commission, all in violation of 43 Pa. C.S. § 955(d).

34. As a result of the conduct of the Defendants, the Plaintiff has suffered a loss of employment opportunity and income, loss of professional stature, mental anguish, embarrassment, humiliation, and loss of self-esteem.

WHEREFORE, the Plaintiff prays for judgment against all the Defendants, individually and/or jointly, for damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00) and for reasonable attorney's fees as allowed by law.

Respectfully submitted,

ISAAC H. GREEN, ESQUIRE
ADRIAN J. MOODY, ESQUIRE

*Attorneys for Plaintiff George Guy, III*

# EXHIBIT A

EEOC Form 161 (11/09)　　**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | George Guy, III<br>3015 Green Ridge Drive<br>Norristown, PA 19403 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 17F-2011-61612 | Pinkey M. Lucas,<br>Investigator | (215) 440-2652 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐　The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐　Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐　The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐　Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐　The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒　The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐　Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

September 25, 2013

Enclosures(s)　　　　Spencer H. Lewis, Jr.,　　(Date Mailed)
　　　　　　　　　　District Director

cc:　Sunoco, Inc.
　　Attn: Tiana R. Escofil, Labor & EEO Spec.
　　1735 Market Street, Suite LL
　　Philadelphia, PA 19103